Edwin W. McLean
vs.
The Interstate Brick
and Sand Co.

W. C. A. No. 1503.

## DECISION.

### November 8, 1933.

Before His Honor, Mr. Justice Churchill. November 7, 1933.

I have to give, of course, a liberal interpretation to this Act. In this particular case the burden of proof is on the petitioner. I am constrained to say that the petition has not made out a case under this Section 11. The testimony is undisputed that he worked there for sometime; he was injured on November 7th and he worked there to December 19th, the same year. There is no contradiction of the fact that his employment was brought to an end not because of the injury but because the plant shut down for the winter. That is the first fact. He was employed there as a sort of a foreman and there is nothing to show—in fact, the testimony of Mr. Baldwin, which is not contradicted, is the other way—that for the work which he did at that plant his injury would not prevent him from working or obtaining the going rate of wages. I think that is the substance of the testimony. There is no testimony when this plant opened he applied for work, on April 28th or later, and Mr. Baldwin testified, I think, that there was work there for him but not at the old scale of wages that had nothing to do with his injury. Those facts are undisputed and for that reason, I am obliged to deny the petition as brought under Section 11. I am going to ask you to draw the decree. The Act provides for a formal decree.

MR. McCARTHY: Specific granted, partial denied?

THE COURT: Yes. The specific, that is under 12 of the Act amended, that is granted. The partial disability is denied.

For petitioner: Roger L. McCarthy.
For respondent: Comstock & Canning.